**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-7698**

UNITED STATES OF AMERICA,

Petitioner - Appellee,

v.

MICHAEL W. MCBRIDE,

Respondent - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Malcolm J. Howard, Senior District Judge.  (5:12-hc-02316-H; 5:15-hc-02234-H)

Submitted:  February 28, 2018                                    Decided:  March 16, 2018

Before DUNCAN, KEENAN, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, Acting Federal Public Defender, Jaclyn L. DiLauro, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant.  Robert J. Higdon, Jr., United States Attorney, Matthew L. Fesak, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael W. McBride appeals the district court's order finding him to be a sexually dangerous person under the Adam Walsh Child Protection and Safety Act of 2006 (the "Adam Walsh Act"), 18 U.S.C. §§ 4247-4248 (2012), and civilly committing him to the custody of the Attorney General. Finding no reversible error, we affirm the district court's order.

Under the Adam Walsh Act, an individual is subject to civil commitment if the government establishes, by clear and convincing evidence, that the individual

> (1) previously engaged or attempted to engage in sexually violent conduct or child molestation (the prior conduct prong); (2) currently suffers from a serious mental illness, abnormality, or disorder (the serious mental illness prong); and (3) as a result of that mental condition, the individual would have serious difficulty in refraining from sexually violent conduct or child molestation if released (the volitional control prong).

*United States v. Springer*, 715 F.3d 535, 538 (4th Cir. 2013) (internal quotation marks omitted). We review the district court's factual findings for clear error and the court's legal conclusions de novo. *United States v. Hall*, 664 F.3d 456, 462 (4th Cir. 2012).

McBride first contends that the district court erred in failing to give preclusive effect to its previous dismissal of two petitions filed by the Government seeking to have him civilly committed. "[T]here is no statutory limitation on the number of times the government may certify an individual or requirement that successive commitment efforts rely on new or different facts or legal theories." *Springer*, 715 F.3d at 543. However, "[t]he preclusive effect of the district court's judgment, affirmed on appeal, prevents the

2

government from attempting to commit [an individual] based on nothing more than the same evidence originally found inadequate by the district court." *Id.* at 544.

We conclude that the district court correctly applied our decision in *Springer*. The district court recognized that it had previously concluded that McBride did not meet the criteria for civil commitment. The court then assessed whether the events that occurred after the previous hearing warranted a different conclusion. Moreover, to the extent that the district court considered allegations that McBride sexually abused his former girlfriend's daughter, the district court did not previously rule that McBride did or did not commit the alleged abuse, and the district court correctly considered these allegations in analyzing whether the events that occurred after the previous hearing warranted committing McBride. *See United States v. Wooden*, 693 F.3d 440, 458 (4th Cir. 2012) ("When the question is whether an inmate suffering from pedophilia will have serious difficulty refraining from re-offending if released, consideration of the nature of his prior crimes provides a critical part of the answer.").

Next, McBride contends that the district court clearly erred in concluding that he would have serious difficulty refraining from engaging in sexually violent conduct or child molestation. Under clear error review, we "may not reverse a lower court's finding of fact simply because [we] would have decided the case differently. Rather, [we] must ask whether, on the entire evidence, [we are] left with the definite and firm conviction that a mistake has been committed." *Id.* at 451 (alterations and internal quotation marks omitted). Thus, as long as "the district court's account of the evidence is plausible in light of the record viewed in its entirety, [we] may not reverse it even though convinced

3

that had [we] been sitting as the trier of fact, [we] would have weighed the evidence differently." *Id.* (internal quotation marks omitted). Moreover, when a district court's findings of fact are based on credibility determinations, we accord "even greater deference to the trial court's findings." *Hall*, 664 F.3d at 462 (internal quotation marks omitted). Accordingly, we are "especially reluctant to set aside a finding based on the trial court's evaluation of conflicting expert testimony." *Id.* (internal quotation marks omitted).

We conclude that the district court did not clearly err in finding that McBride would have serious difficulty refraining from child molestation. The Government established by clear and convincing evidence that McBride possessed child pornography. The Government presented credible testimony that McBride received a laptop computer with access to the Internet and used the Internet at a nearby hotel. McBride admitted setting up a Google account connected to 500 images of child pornography. Additionally, the use of McBride's former girlfriend's daughter's name and birthdate as a password to access the child pornography clearly links McBride to the pornography.

McBride's possession of child pornography, when considered in the context of his past offenses, is enough to establish that he presents a serious risk of engaging in future acts of child molestation. *See United States v. Bolander*, 722 F.3d 199, 215 (4th Cir. 2013) (affirming district court's commitment order because possession of child pornography "support[s] a finding that [appellant] would have serious difficulty refraining from acts of child molestation if he was released because of his pedophilia"). McBride's possession of child pornography demonstrates that he still experiences sexual

4

attraction to children. Once the district court concluded that McBride possessed the pornography, it reasonably accepted the expert testimony that the possession of the pornography demonstrated a lack of volitional control and rejected McBride's expert testimony recommending against commitment based on the assumption he had not possessed the pornography.

Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*